

**FILED**

Jul 21 2016, 6:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Hunter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 21, 2016

Court of Appeals Case No.
34A04-1506-CR-751

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1408-FB-122

**Bailey, Judge.**

# Case Summary

[1] William Hunter ("Hunter") pled guilty to a single count of Possession of a Firearm by a Serious Violent Felon, as a Class B felony.[1] The trial court sentenced Hunter to twenty years imprisonment, with five years to be served on in-home detention. He now appeals, raising for our review only whether his sentence is inappropriate under Appellate Rule 7(B).

[2] We affirm.

# Facts and Procedural History

[3] On May 8, 2014, Hunter, who had been convicted of Burglary, as a Class B felony, in 2004, attempted to pawn several shotguns and rifles that had apparently been reported as stolen as the result of a burglary. Police arrested Hunter, and on May 29, 2014, the State charged Hunter with Possession of a Firearm by a Serious Violent Felon. On July 17, 2014, the State amended the charging information to include a count of Receiving Stolen Property, as a Class D felony.[2] On July 11, 2014, in a different cause, the State charged

---

[1] Ind. Code 35-47-4-5 (2012). Hunter committed his offense prior to the effective date of wide-reaching amendments to Indiana's criminal statutes. We refer throughout to the substantive portions of those statutes in effect at the time of Hunter's offense.

[2] I.C. § 35-43-4-2(b).

Hunter with misdemeanor-level Resisting Law Enforcement.[3] On August 12, 2014, the State filed charges against Hunter in several additional causes, adding eight additional felony-level charges for Receiving Stolen Property, Theft,[4] Burglary,[5] and Fraud.[6]

[4] On April 9, 2015, Hunter and the State filed a "Recommendation of Plea," in which Hunter represented that he would enter a plea of guilty as to the single count of Possession of a Firearm by a Serious Violent Felon, and the State represented that it would, "in exchange therefor," dismiss the other charges against Hunter. (App'x at 62.) Subsequent to this, a pre-sentencing investigation report was prepared and filed with the trial court.

[5] On May 27, 2015, the trial court conducted a change-of-plea hearing, during which Hunter pled guilty to Possession of a Firearm by a Serious Violent Felon, and the State moved to dismiss the remaining charges. The trial court accepted the plea and granted the State's motion. At the conclusion of the hearing, the trial court entered judgment of conviction against Hunter and sentenced him to twenty years imprisonment, with five years to be served on in-home detention.

---

[3] I.C. § 35-44.1-3-1(a)(1).

[4] I.C. § 35-43-4-2(a)(1)(A).

[5] I.C. § 35-43-2-1.

[6] I.C. § 35-43-5-4(1).

The court also ordered Hunter to pay restitution to the owners of the stolen firearms.

This appeal ensued.

# Discussion and Decision

## Inappropriateness of Sentence

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

Here, Hunter was convicted of a single count of Possession of a Firearm by a Serious Violent Felon, as a Class B felony. As a result, he faced a sentencing range of six to twenty years imprisonment, with an advisory term of ten years. I.C. § 35-50-2-5(a).

[9]     Looking first to the nature of Hunter's offense, Hunter, who had in 2004 been adjudicated a serious violent felon, was determined to have possessed multiple shotguns and a rifle when he was not, under Indiana law, permitted to possess any firearms because of his prior conviction for Burglary. The firearms had been reported as stolen, and had come into Hunter's possession. Hunter attempted to pawn the firearms, and was apprehended by police as a result. During the presentencing investigation, Hunter indicated that because he had been living in Tennessee for some period of time, he was mistaken about the duration of time during which he could not possess any type of firearm in Indiana. We note, however, that Hunter committed the predicate offense of Burglary in Indiana, he was convicted of that offense in Indiana, and it is long settled in Indiana that ignorance of the law does not excuse criminal conduct. *Dewald v. State*, 898 N.E.2d 488, 493 (Ind. Ct. App. 2008) (citing *Yoder v. State*, 208 Ind. 50, 194 N.E. 645, 648 (1935)). The nature of Hunter's offense— possessing not one but multiple firearms, some stolen, and attempting to pawn them—supports an aggravated sentence.

[10]    Hunter's character also speaks poorly of him. Hunter's encounters with the criminal justice system began as a juvenile, when he was adjudicated a delinquent for conduct that would constitute felony-level Sexual Battery if committed by an adult. As an adult, Hunter accrued convictions in Indiana for Theft, False Informing, and Driving while Suspended, as Class A misdemeanors; the predicate offense in this case, Burglary, as a Class B felony; and Escape, as a Class C felony. However, Hunter has also had numerous,

encounters with law enforcement since reaching adulthood, with charges filed against him in Indiana for an array of offenses including Possession of a Firearm without a License, Sexual Misconduct with a Minor, numerous alcohol- and substance-related offenses, and numerous property crimes. While living in Tennessee, Hunter was charged in 2013 with Theft and numerous counts of Forgery, and with Possession of a Schedule III Narcotic.

[11] To his credit, Hunter pled guilty in this case. However, he received a significant benefit: while Hunter was convicted of a Class B felony, the State agreed to dismiss nine felony counts, including multiple felony counts of Burglary, Fraud, and Receiving Stolen Property, and Theft, and a single count of misdemeanor-level Resisting Law Enforcement. Moreover, additional charges of Forgery and Theft were pending against Hunter in another case in Miami County. Further, Hunter, a father of two children, indicated that his financial and employment status was unstable, and he admitted to a long pattern of substance abuse that ended only in 2014—that is, the year he committed the instant offense.

[12] In light of the nature of his offense and his character, we cannot conclude that Hunter's statutory maximum sentence, with five years to be served on in-home detention, is inappropriate.

## "Recommendation of Plea"

[13] We write additionally, *sua sponte*, to note an unusual and concerning facet of this case. The trial court here was presented with a document captioned as a

"Recommendation of Plea" and signed by counsel for both parties and by Hunter himself. The trial court apparently viewed the Recommendation of Plea as something other than a plea agreement, and thus believed it lacked any discretion over whether to accept or reject Hunter's plea and the State's dismissal of the remaining charges in exchange for the plea. Prior to determining Hunter's sentence, the trial court stated:

> I guess I would first make the point that this is not really your typical plea agreement or plea bargain. I feel this is not anything in which the [C]ourt, I, really have a lot of discretion about. The State has decided only to pursue one charge and to dismiss the other 9 felonies and Mr. Hunter has agreed to plead guilty to it and be open to the [C]ourt. It's not anything in which I have the power either to accept or to reject, which I guess I particularly would note because of my presentence report from my probation department told me I should reject this, when in fact I don't even have that type of discretion.

(Tr. at 15-16.)

[14] The Recommendation of Plea document set forth a *quid pro quo* arrangement whereby Hunter agreed to enter a guilty plea on one charge, with the State agreeing to dismiss other charges "in exchange therefor." (App'x at 62.) The document went on to recite—as would a plea agreement—the various representations and waivers ordinarily present in a plea agreement. This included the following text: "I understand that the Court is not bound by this Recommendation of Plea." (App'x at 62.)

"James Whitcomb Riley (1849-1916), our celebrated 'Hoosier Poet,' is widely credited with the origination of the Duck Test; as he expressed it, '[w]hen I see a bird that walks like a duck and swims like a duck and quacks like a duck, I call that bird a duck.'" *Walczak v. Labor Works-Ft. Wayne, LLC*, 983 N.E.2d 1146, 1148 (Ind. 2013). This Recommendation of Plea is a duck—or, caption aside, a plea agreement. Trial courts have discretion to accept or reject plea agreements. I.C. § 35-35-3-3(b); *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (citing I.C. § 35-35-3-3). Generally, the substance of a pleading or motion governs over its form. *Fajardo v. State*, 859 N.E.2d 121, 1206-08 (Ind. 2007) (applying the "substance/form" test with respect to an amended charging information); *Preferred Prof. Ins. Co. v. West*, 23 N.E.3d 716, 732 (Ind. Ct. App. 2014) (recognizing "it is the substance of a claim, not its caption" that determines the need to comply with the Medical Malpractice Act), *trans. denied*. The trial court would, then, have been able to exercise its discretion to decide whether to accept or reject the plea agreement.

# Conclusion

Hunter's sentence was not inappropriate.

Affirmed.

Bradford, J., and Altice, J., concur.