## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2017, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Sparling,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 5, 2017<br><br>Court of Appeals Case No.<br>34A02-1611-CR-2711<br><br>Appeal from the Howard Superior Court<br><br>The Honorable George A. Hopkins, Judge<br><br>Trial Court Cause No.<br>34D04-1604-F4-80 |

**Mathias, Judge.**

[1] Andrew Sparling ("Sparling") pleaded guilty in Howard Superior Court to Level 4 felony burglary under the terms of a plea agreement with the State.

Sparling now claims the trial court failed to sentence him according to the agreement.

[2] We reverse and remand.

## Facts and Procedural Posture

[3] On the evening of April 21, 2016, Sparling was seen breaking into and robbing a home in Greentown, Indiana. Pockets flush with loot, Sparling attempted to flee but was quickly found and arrested by officers of the Greentown Police Department. On April 26, 2016, the State charged Sparling by information in Howard Superior Court with Level 4 felony burglary and Class C misdemeanor possession of paraphernalia.

[4] Sparling is a young man with a history of property and drug crimes. At the time of this crime, he was severely dependent on methamphetamine. Sparling's mother, herself a victim of Sparling's past thefts, wrote the trial judge and earnestly pleaded for her son to be placed in a "program in prison called Therapeutic Community[,][1] . . . a bootcamp for substance abuse recovery."

---

[1] Therapeutic Community programs are part of "Purposeful Incarceration." "Purposeful Incarceration" is a program instituted by the Department of Correction and our trial courts:

> In 2009 the Indiana Department of Correction (IDOC) began a cooperative project with Indiana Court Systems called Purposeful Incarceration (P.I.). The Department works in collaboration with Judges who can sentence chemically addicted offenders and document that they will "consider a sentence modification" should the offender successfully complete an IDOC Therapeutic [C]ommunity. This supports the Department of Correction and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society.

Appellant's App. Vol. II, p. 39. On August 5, 2016, Sparling and the State submitted a plea agreement for the trial court's acceptance or rejection. In relevant part the agreement provided,

> It is recommended that the Defendant be placed in a Therapeutic Community Program while incarcerated in the Indiana Department of Correction[]. Upon successful completion of said program, with no objection from the State, the Court will consider modifying the Defendant's sentence, so as to reduce the total time of incarceration.

*Id.* p. 42. The presentence investigation report noted Sparling's wish to be placed in C.L.I.F.F. ("Clean Lifestyle Is Freedom Forever"), a Therapeutic Community program specially targeted to methamphetamine users. Appellant's App. Vol. III, p. 8. The report recommended that the plea agreement be accepted.

[5] At Sparling's change of plea hearing on August 12, 2016, the court read the agreement aloud, including the portion quoted above, and asked whether Sparling understood it to be the entire agreement; Sparling said he did. Tr. p. 4. At Sparling's sentencing hearing on September 23, 2016, the court began by announcing, "I am prepared to accept the recommendation" — that is, the plea agreement.[2] Tr. p. 8. After establishing Sparling's knowing and intelligent

---

*Purposeful Incarceration*, Indiana Department of Correction, http://www.in.gov/idoc/2798.htm (last visited March 2, 2017); *see also Marley v. State*, 17 N.E.2d 335, 338 (Ind. Ct. App. 2014) (discussing same), *trans. denied*.

[2] In the Howard County courts, plea agreements presented to the court are apparently styled "recommendations." *See Hunter v. State*, 60 N.E.3d 284, 287–88 (Ind. Ct. App. 2016) (noting *sua sponte* "an

waiver of his trial and appeal rights, the court imposed Sparling's sentence, purportedly "[p]ursuant to the terms of the plea agreement." Tr. p. 14.

[6] The court noted,

> [The presentence investigation report] recommended that Mr. Sparling be allowed to attend the (inaudible) [*sic*] program. I don't have any problems with that. I want to make it clear, though, I do not consider this therapeutic community. As I understand it, it's a separate program.

Tr. p. 15. The prosecutor responded, "Judge, I'm trying to figure out from [defense counsel], [but] we were kind of of the impression it may be part of the same program." *Id.* The court concluded, "Well, I'm going to put it in the sentencing order that it's not, in the court's opinion, it is not community therapeutic." *Id.*

[7] On September 23, 2016, the court entered judgment of conviction against Sparling. The judgment order provided, "[The] Court recommends that Defendant be allowed to participate in CLIFF if participation is not deemed to be Therapeutic Community." Appellant's App. Vol. II, p. 45. The chronological case summary ("CCS") noted, "As a specific order, any therapy done while incarcerated will not be considered to be therapeutic Community [*sic*] program." Appellant's App. Vol. II, p. 6. In the abstract of judgment

---

unusual and concerning facet of this case" on appeal from Howard Circuit Court involving failure to recognize "recommendation of plea" as plea agreement); Appellant's App. Vol. II, p. 41 (plea agreement styled "recommendation of plea agreement").

submitted to the Department of Correction, the field for "Purposeful Incarceration" read, "No." Appellant's App. Vol. III, p. 2.

[8] On October 25, 2016, Sparling moved to correct error in the September 23, 2016, judgment order:

> [Under the plea agreement,] the Defendant was to be recommended to be placed in a Therapeutic Community while incarcerated in the Indiana Department of Correction[].
>
> The [judgment order] states the "Court recommends that Defendant be allowed to participate in CLIFF if participation is not deemed to be Therapeutic Community."
>
> Wherefore, the Defendant respectfully requests the court modify the [judgment order] to include the Defendant to be recommended to participate in a Therapeutic Community during his incarceration in the Indiana Department of Correction[].

Appellant's App. Vol. II, p. 48. The court summarily denied the motion on November 15, 2016, after no response was received from the State.

[9] Sparling timely appealed, claiming the trial court improperly modified his plea agreement with the State by not recommending Therapeutic Community placement. We agree.

## Discussion and Decision

[10] Plea agreements are contracts between an accused and the State, and we review them as such. *Campbell v. State*, 17 N.E.3d 1021, 1023 (Ind. Ct. App. 2014). "We interpret plea agreements with the primary goal of giving effect to the

parties' intent. Terms that are clear and unambiguous are conclusive of this intent; as such, the reviewing court must apply the contractual provisions" as they stand. *Id.* at 1024 (citation omitted).

[11] Sparling and the State agree that the trial court did not have discretion to modify the plea agreement; it could only choose to reject it entirely or to accept it and enforce it according to its terms. Ind. Code §§ 35-35-4-3-3(b) (rejection), (e) (acceptance); *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004); *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). "The court is not only bound to the specific charges and sentencing guidelines; once a plea is accepted, a court is bound by *all the terms* in the agreement which are within its legal power to control." *State v. Holloway*, 980 N.E.2d 331, 335 (Ind. Ct. App. 2012) (original emphasis, quotations omitted) (quoting *Reffett v. State*, 571 N.E.2d 1227, 1230 (Ind. 1991)).

[12] The State argues that, when the court said Sparling was recommended for C.L.I.F.F. participation "if participation is not deemed to be Therapeutic Community," Appellant's App. Vol. II, p. 45, what the court meant was, "[E]ven if CLIFF is not a Therapeutic Community Program, because that is what the parties agreed to, then Sparling should still be allowed to participate." Appellee's Br. at 7. That may have been what the court meant, but it is not what the court said. The court said Sparling should participate in C.L.I.F.F. "if [it] is not"—that is, on the condition that it is not—deemed to be a Therapeutic Community program. Appellant's App. Vol. II, p. 45.

[13] Even if the State is correct about what the court meant, the court still erred. In the August 5, 2016, plea agreement, the parties agreed to "place[ment] in a Therapeutic Community," Appellant's App. Vol. II, p. 48, not placement in C.L.I.F.F. Thus, the trial court should not have recommended C.L.I.F.F. irrespective of whether it was a Therapeutic Community, but a Therapeutic Community irrespective of whether it was C.L.I.F.F.

[14] The language of the judgment order notwithstanding, the CCS is clear: "As a specific order, any therapy done while incarcerated will *not* be considered to be therapeutic community program." Appellant's App. Vol. II, p. 6 (emphasis added). It is well settled "that the trial court speaks through its CCS . . . ." *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*; *see also Young v. State*, 765 N.E.2d 673, 678 n.6 (Ind. Ct. App. 2002) (encouraging trial courts to use CCS notations to explain entries because *inter alia* conducive to appellate review). Moreover, though Therapeutic Community participation falls under Purposeful Incarceration, *see supra* note 1, Appellant's App. Vol. III, p. 8, in the abstract of judgment forwarded to the Department of Correction, the field for "Purposeful Incarceration" read, "No." Appellant's App. Vol. III, p. 2.

[15] The difference to Sparling is extremely important. If he successfully completes the programming at a Therapeutic Community, he will be eligible for sentence modification. Appellant's App. Vol. II, p. 48. This is the opportunity he bargained for; that bargain must be accepted and enforced, or rejected entirely. The trial court did not have discretion to accept the agreement and then modify its terms.

# Conclusion

The trial court improperly modified the plea agreement by refusing to recommend a Therapeutic Community program for Sparling. We vacate its September 23, 2016, judgment order and remand with instructions either to accept the August 5, 2016, plea agreement and enforce its terms, including recommending Sparling for Therapeutic Community treatment, or to reject it entirely.

Reversed and remanded.

Kirsch, J., and Altice, J., concur.