## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2020, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano-Colon
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael A. Mitchell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 6, 2020

Court of Appeals Case No.
19A-CR-2312

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1807-F3-21

**Mathias, Judge.**

[1] Michael A. Mitchell ("Mitchell") pleaded guilty in Tippecanoe Superior Court to Level 3 felony armed robbery and Level 4 felony unlawful possession of a

firearm by a serious violent felon ("SVF"). He also admitted to being an habitual offender. The trial court sentenced Mitchell to an aggregate term of twenty-three years. Mitchell appeals and claims that his sentence is inappropriate in light of the nature of his offenses and his character.

We affirm.

## Facts and Procedural History

On the afternoon of June 12, 2018, Mitchell and Haley Kmich ("Kmich") drove to a Horizon Bank branch in Lafayette, Indiana. Kmich dropped Mitchell off and waited in the vehicle behind an apartment complex across the street from the bank. Mitchell went inside the bank and approached a teller window. He drew a handgun, pointed it at the teller, and demanded that she give him money. The teller gave Mitchell cash from her drawer. When two other tellers entered the area, Mitchell pointed his weapon at them and demanded that they also give him money. One of the tellers gave Mitchell cash from her drawer, and Mitchell fled the bank with approximately $750.

The tellers reported the robbery to the police, who arrived at the bank shortly thereafter. The tellers informed the police that they had observed a man, later identified as Mitchell, suspiciously walking back and forth in front of the bank before the robbery. The police reviewed the bank's security video and obtained a still photo of the robber, which they provided to the media. After the media published the photo of the robber, the police received a tip implicating Mitchell

in the robbery. A police detective familiar with Mitchell also reviewed the security video and agreed that the robber was Mitchell.

[5] When the police spoke with Kmich, she denied being involved but said that she thought "Mike Ball" might have committed the robbery. When the police showed her a photo array, she identified Mitchell as "Mike Ball." Appellant's App. pp. 24–25. Kmich eventually told the police that Mitchell came to her apartment and indicated that he planned to commit a crime. She gave Mitchell a red hooded sweatshirt and learned that he planned to rob the bank. She claimed that she attempted to dissuade Mitchell but was unsuccessful. She further stated that she waited for Mitchell behind the apartment and that, when he returned from the bank, he was carrying a white bag and told her to leave the area. He later gave her some of the money he obtained during the robbery.

[6] On July 12, 2018, the State charged Mitchell with Level 3 felony conspiracy to commit armed robbery, Level 3 felony armed robbery, Level 6 felony theft, Level 4 felony unlawful possession of a firearm by an SVF, and three counts of Level 6 felony pointing a firearm. The State also alleged that Mitchell was an habitual offender. On February 26, 2019, Mitchell entered into a plea agreement with the State in which he agreed to plead guilty to Level 3 felony armed robbery and Level 4 felony possession of a firearm by an SVF and admitted to being an habitual offender. The State agreed to dismiss the remaining charges. The plea also provided that sentencing would be left to the discretion of the trial court but that the executed sentence could not exceed twenty-three years or be less than seventeen years. The trial court accepted the

plea and, on March 29, 2019, sentenced Mitchell to fifteen years on the Level 3 felony conviction and a concurrent term of ten years on the Level 4 felony, which was enhanced by eight years as a result of the habitual offender adjudication, for an aggregate sentence of twenty-three years. The trial court ordered twenty-two years of the sentence to be executed and one year suspended. Mitchell now appeals.

## Discussion and Decision

[7] Mitchell argues on appeal that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision, because Appellate Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Our review under Appellate Rule 7(B) is therefore "very deferential." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] Our determination of whether a sentence is inappropriate turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to

others, and myriad other factors that come to light in a given case. *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). And our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] Here, Mitchell was convicted of a Level 3 felony, a Level 4 felony, and found to be an habitual offender. The sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5. The sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. And a person who has been found to be an habitual offender must be sentenced to an additional fixed term that is between six and twenty years if the underlying felony was murder or a Level 1 through Level 4 felony.

[10] The trial court sentenced Mitchell to fifteen years on the Level 3 felony, which is six years above the advisory but one year less than the maximum. On the Level 4 felony, the trial court sentenced Mitchell to ten years, which is four

years above the advisory but two less than the maximum. The trial court imposed an additional term of eight years for the habitual offender finding, which is two years above the minimum, but significantly less than the twenty-year maximum. Thus, based on the offenses to which he pleaded guilty, Mitchell faced a maximum sentence of forty-eight years, but due to the plea agreement, his sentence was capped at the twenty-three years.

[11] Considering the nature of the offense, there is little evidence portraying the robbery in a positive light, such as restraint, regard, or lack of brutality. Mitchell did not merely display a weapon, he pointed it at the tellers. The tellers have suffered from psychological trauma as a result of Mitchell's actions. *See* Tr. pp. 23–25.

[12] Mitchell's sentence is also supported by his character, as evidenced by his history of criminal activity. The significance of a defendant's criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Bryant v. State*, 841 N.E.2d 1154, 1156–57 (Ind. 2006). Yet even a minor criminal history reflects poorly upon a defendant's character. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). Mitchell's criminal history can hardly be described as minor.

[13] In 2007, Mitchell was convicted of Class B felony conspiracy to commit robbery and Class B felony robbery causing serious bodily injury. Mitchell subsequently violated his probation in that case and was ordered to serve the remainder of his sentence in prison. In 2010, Mitchell was convicted of Class B

felony possession of a dangerous device or material by a prisoner. In 2013, he was convicted in Illinois of felony aggravated unlawful use of a weapon. He was also convicted of several misdemeanor offenses, including four convictions for operating a motor vehicle without ever receiving a license, and one conviction for theft. This criminal history is significant in relation to the current offenses because it involves convictions for similar behavior, i.e., robbery and possessing and using weapons.

[14] Mitchell's decision to plead guilty does little to persuade us that his sentence is inappropriate in light of his character. The evidence against him included photos, video, eyewitness testimony, and the testimony of his accomplice. And in exchange for his plea, the State dismissed several serious charges. Indeed, based on the charges to which he pleaded guilty, Mitchell faced a maximum sentence of forty-eight years, but the plea agreement capped his sentence at twenty-three years. Thus, not only was his decision to plead guilty "more likely the result of pragmatism than acceptance of responsibility and remorse," *Reis*, 88 N.E.3d at 1105, he also received a substantial benefit from his plea. *See Hunter v. State*, 60 N.E.3d 284, 287 (Ind. Ct. App. 2016) (holding that defendant's sentence was not inappropriate despite his guilty plea where he received a significant benefit from the plea), *trans. denied*;[1] *see also Childress,* 848

---

[1] Mitchell also argues that the trial court erred by considering his history of drug abuse as an aggravating factor. Mitchell admitted to using drugs in his pre-sentence investigation report. And we have long held that a history of untreated substance abuse may constitute a valid aggravating factor. *See Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) (holding that trial court did not err in finding substance abuse as an aggravating factor where defendant was aware of his problem with drugs and alcohol yet did not take any steps to treat

N.E.2d at 1081 (Dickson, J., concurring) ("[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness.").

## Conclusion

[15] Given the nature of Mitchell's offenses and his character, as demonstrated by his significant criminal history, we conclude that he has not met his burden of showing that his twenty-three-year sentence is inappropriate. We therefore affirm the judgment of the trial court.

[16] Affirmed.

Kirsch, J., and Bailey, J., concur.

---

his addiction), *trans. denied*. Moreover, even if we agreed with Mitchell that the trial court erred by considering his substance abuse as an aggravating factor, any error would be harmless because we have determined that his sentence is not inappropriate. *See Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013) (noting that any error in sentencing is harmless if the sentence imposed is not inappropriate), *trans. denied* (citing *Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012), *trans. denied*).