

I N T H E

# Court of Appeals of Indiana

Brandon Lamont French,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Mar 11 2026, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 11, 2026

Court of Appeals Case No.
25A-CR-1906

Appeal from the Marion Superior Court

The Honorable Jennifer Prinz Harrison, Judge

Trial Court Cause No.
49D20-2501-F6-846

**Opinion by Judge May**
Judges Weissmann and Felix concur.

**May, Judge.**

[1] Brandon Lamont French appeals his five convictions of Class A misdemeanor Invasion of Privacy.[1] The parties raise four issues, but we find one issue dispositive: whether the State presented sufficient evidence to sustain French's convictions. We reverse.

## Facts and Procedural History[2]

[2] On November 19, 2024, the State charged French with a variety of offenses under cause number 49D20-2411-F1-033242 ("Cause 33242"), including Level 1 felony rape,[3] Level 3 felony kidnapping,[4] and Level 3 felony criminal confinement.[5] The alleged victim in Cause 33242 was C.R., who was French's girlfriend. In connection with Cause 33242, the trial court entered a no contact order. The title of the order stated: "**NO CONTACT ORDER WHILE IN JAIL, UPON RELEASE FROM CUSTODY, ON BAIL OR PERSONAL RECOGNIZANCE[.]**" (Ex. Vol. I at 18) (formatting in original). The body of the order provided:

---

[1] Ind. Code § 35-46-1-15.1(a)(5) (2023).

[2] We held oral argument on this case on February 24, 2026, at Vincennes University in Vincennes, Indiana. We commend counsel on the quality of their advocacy, and we thank Vincennes University for its hospitality.

[3] Ind. Code § 35-42-4-1(b) (2022).

[4] Ind. Code § 35-42-3-2(b)(3) (2019).

[5] Ind. Code § 35-42-3-3(b)(3) (2019).

> 1. THE DEFENDANT IS ORDERED TO HAVE NO CONTACT WITH:
>
> [C.R. and others], in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record, while released from custody pending trial. This includes, but is not limited to, acts of harassment, stalking, intimidation, threats, and physical force of any kind.

(*Id.*) (formatting in original). French did not post bail in Cause 33242, and he remained incarcerated in the Marion County Jail ("MCJ") while that case was pending.

[3] French used his jail-provided tablet to exchange electronic messages and pictures with C.R. In addition, French placed several phone calls to a friend, who would initiate three-way calls with C.R. During these phone calls, French talked with C.R. about her statements to the police and the allegations against him in Cause 33242. He spent large portions of the calls insulting C.R. and accusing her of lying. He also discussed the consequences for him if he was found guilty in Cause 33242. When the jail restricted French's calls, he utilized the accounts of other inmates to place calls. French also used third parties to indirectly convey messages to C.R.

[4]  On January 9, 2025, the State charged French with three counts of Level 6 felony attempted obstruction of justice[6] and five counts of Class A misdemeanor invasion of privacy. The State later amended the charges to include three counts of Level 5 felony attempted obstruction of justice[7] and an allegation that French was a habitual offender.[8] The trial court held a jury trial beginning on June 11, 2025, and the jury returned a verdict finding French guilty of the five counts of Class A misdemeanor invasion of privacy and not guilty of the three counts of Level 6 felony attempted obstruction of justice. The trial court sentenced French to one year on each count of invasion of privacy and ordered four of the sentences to be served consecutively for an aggregate term of four years.

## Discussion and Decision

[5]  French asserts the State presented insufficient evidence to sustain his five convictions.[9] Our standard of review regarding such claims is well-settled:

---

[6] Ind. Code § 35-44.1-2-2(a)(1)(D) (2023) & Ind. Code § 35-41-5-1 (2014).

[7] Ind. Code § 35-44.1-2-2(b) & Ind. Code § 35-41-5-1.

[8] Ind. Code § 35-50-2-8.

[9] The State contends French is estopped from challenging the sufficiency of the evidence to sustain his convictions. The State notes that during French's closing argument, his counsel stated:

> Now, I believe in being perfectly candid. Some of them, [C.R.] was on the line, and in listening to the jail calls, to me, it's pretty apparent that [French] did violate the no contact order. And as I'm standing here right now, I'm telling you that he, in fact, is guilty of Counts II, III, V, VII, and VIII. There are five Counts of Invasion of Privacy. Invasion of Privacy is the offense that's charged if somebody violates a no contact order or a protective order. And it's pretty apparent, listening to those jail calls, Brandon did that. He violated those. And I, as his attorney, it appalls me to say it, but it looks like you guys should convict him of those Five Counts.

Sufficiency-of-the-evidence claims . . . warrant a deferential standard, in which we neither reweigh the evidence nor judge witness credibility. Rather, we consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. We will affirm a conviction if there is substantial evidence of probative value that would lead a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt.

*Powell v. State*, 151 N.E.3d 256, 262-63 (Ind. 2020) (internal citations omitted).

[6] The State charged French with violating Indiana Code section 35-46-1-15.1(a)(5). Indiana Code section 35-46-1-15.1(a)(5) states: "A person who knowingly or intentionally violates . . . a no contact order issued as a condition of pretrial release, including release on bail or personal recognizance, or pretrial diversion, and including a no contact order issued under IC 35-33-8-3.6[,]" which specifies that a no contact order is automatically a condition of bail if a

---

(Tr. Vol. II at 239.) Therefore, the State argues French cannot now argue the State failed to present sufficient evidence to sustain his convictions.

We disagree. French's counsel couched his statement as his personal opinion of French's guilt. (*See*, *e.g.*, Tr. Vol. 2 at 239) ("to me, it's pretty apparent") & ("it looks like you guys should"). French did not personally admit guilt after a colloquy ensuring that such an admission was knowing and voluntary. *See Davis v. State*, 675 N.E.2d 1097, 1102 (Ind. 1996) ("A guilty plea constitutes a waiver of constitutional rights and this waiver requires a trial court to evaluate the validity of every plea before accepting it. For the plea to be valid, the defendant's decision to plead guilty must be knowing, voluntary and intelligent.") (internal citation omitted). Nor did the trial court remove the question of French's guilt on the invasion of privacy counts from the jury. Before sending the jury to deliberate, the trial court instructed the jury that "[s]tatements made by attorneys are not evidence" and "[y]our verdict should be based on the law and the facts as you find them." (Tr. Vol. 2 at 247-48.) *See Collins v. State*, 366 N.E.2d 229, 232 (Ind. Ct. App. 1977) (noting "'counsel for the defendant in a criminal case may, in the course of the proceedings, make an admission of fact voluntarily and purposely to avoid the necessity of proving it,'" but "'[s]uch admission . . . is properly made to the court and a record is made of it as such. Then the court conveys to the jury such admission, through its instructions, and it becomes a judicial admission.'") (quoting *State v. Thomas*, 15 P.2d 723, 725-26 (Kan. 1932)). Therefore, we hold that French's counsel's comments do not estop French from challenging the sufficiency of the evidence the State presented to sustain his conviction.

defendant is charged with a violent crime that resulted in a bodily injury and the defendant is released from custody without a bail hearing.

[7] French contends that, although the State charged him with violating the no contact order entered in Cause 33242 by calling C.R. from jail, "the no contact order, by its explicit terms, only prohibited French from contacting C.R. 'while released from custody pending trial.'" (Appellant's Br. at 27) (quoting Ex. Vol. 1 at 18). Because all his alleged contact with C.R. occurred while he was in the MCJ, French argues, the State failed to prove he violated the no contact order. We recently found French's argument persuasive in another case that also originated in Marion County.

[8] In *Cruz v. State*, we reversed Cruz's conviction of Class A misdemeanor invasion of privacy because Cruz contacted his son while incarcerated but the no contact order in effect at the time prohibited Cruz from contacting his son only when released from custody. *Cruz v. State*, 25A-CR-1308, 2025 WL 3764745 at *4 (Ind. Ct. App. Dec. 30, 2025) (mem.).[10] The no contact order entered against Cruz used substantially the same language as the no contact order entered in Cause 33242. It stated:

> [A]s a condition of the Defendant's *release from custody* pending trial[,] . . . the Defendant is ordered to have no contact with . . . [Cruz's son] . . ., in person, by telephone or letter, through an

---

[10] While *Cruz* is an unpublished, memorandum decision, we may consider it for its persuasive value because it was issued after January 1, 2023. *See* Ind. Appellate Rule 65(D) ("a memorandum decision issued on or after January 1, 2023, may be cited for persuasive value to any court by any litigant").

> intermediary, or in any other way, directly or indirectly, except through an attorney of record, while *released from custody* pending trial.

*Id.* (emphasis and all but third pair of brackets in *Cruz*). We explained that even though Cruz had spoken with his son in at least a dozen calls from jail, "Cruz was not 'released from custody' when any of those contacts occurred. Therefore, the contacts did not violate the express terms of the order." *Id.* (internal citation omitted). While the no contact order in *Cruz*, like the no contact order entered in Cause 33242, was entitled "No Contact Order *While in Jail* Upon Release From Custody on Bail or Personal Recognizance," *id.* (italics in *Cruz*), we noted that "the substance of the order, not its caption, is controlling." *Id.* (citing *Hunter v. State*, 60 N.E.3d 284, 288 (Ind. Ct. App. 2016) (holding document constituted a plea agreement even though it was titled "Recommendation of Plea"), *trans. denied*).

[9] The State notes that Indiana Code section 35-33-8-3.2(a)(4) allows a trial court to "require the defendant to refrain from any direct or indirect contact with an individual . . . including if the defendant has not been released from lawful detention." Thus, the trial court in Cause 33242 could have ordered French not to have contact with C.R. while in custody, and Indiana Code section 35-46-1-15.1(a)(11) provides that a person who knowingly violates an order issued under Indiana Code section 35-33-8-3.2 commits Class A misdemeanor invasion of privacy. However, the no contact order issued in Cause 33242 did not include the language prohibiting French from contacting C.R. while in

custody, and we therefore hold the State presented insufficient evidence to sustain his convictions.[11] *See, e.g.*, *McNary v. State*, 269 N.E.3d 1245, 1252 (Ind. Ct. App. 2025) (reversing convictions because the State failed to present sufficient evidence), *trans. denied*.

## Conclusion

The State presented insufficient evidence to sustain French's convictions for invasion of privacy because even though French contacted C.R. several times while incarcerated, the no contact order the State alleged he violated only prohibited him from contacting C.R. while released from custody pending trial. We reverse and vacate French's convictions.

Reversed.

Weissmann, J., and Felix, J., concur.

---

[11] This opinion has no effect on the proceedings in Cause 33242.

ATTORNEY FOR APPELLANT

Peter Laramore
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana


Kathy Bradley
Steven Hosler
Deputy Attorneys General
Indianapolis, Indiana